FILED

APR 14 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLOS CORTEZ ESCAMILLA, | No. 12-57182 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-00353-W-POR |
| v. | |
| GEORGE GIURBINO; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, District Judge, Presiding

Submitted April 7, 2014[**]

Before:     TASHIMA, GRABER, and IKUTA, Circuit Judges.

California state prisoner Carlos Cortez Escamilla appeals pro se from the

district court's order denying his motion for relief from judgment in his 42 U.S.C.

§ 1983 action alleging that his due process and equal protection rights were

violated in connection with a disciplinary hearing. We have jurisdiction under 28

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291.  We review for an abuse of discretion.  *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).  We affirm.

The district court did not abuse its discretion by denying Escamilla's motion for relief from judgment because Escamilla failed to show grounds warranting such relief.  *See id.* at 1263 (setting forth grounds for relief from judgment under Fed. R. Civ. P. 60(b)).

Contrary to defendants' contention, we have jurisdiction over the district court's order denying Escamilla's motion for relief from judgment because Escamilla's timely motion for an extension to file an appeal is the functional equivalent of a notice of appeal.  *See Estrada v. Scribner*, 512 F.3d 1227, 1236 (9th Cir. 2008) (noting that a document is the functional equivalent of a notice of appeal if it is filed within the time specified by Fed. R. App. P. 4 and gives the notice required by Fed. R. App. P. 3, and that a more lenient standard is used with pro se litigants); *Andrade v. Attorney General of Cal.*, 270 F.3d 743, 752 (9th Cir. 2001), *rev'd on other grounds*, 538 U.S. 63 (2003) (holding that pro se prisoner's timely motion for an extension to file an appeal was the functional equivalent of a notice of appeal).

We lack jurisdiction to consider the district court's summary judgment

because Escamilla failed to file a timely notice of appeal from the judgment. *See* Fed. R. App. P. 4(a)(1), (4) (notice of appeal must be filed within thirty days after entry of judgment, and only a timely tolling motion suspends time to appeal).

We lack jurisdiction to consider the district court's postjudgment rejection of Escamilla's request for a voluntary dispute resolution program because Escamilla failed to file an amended or separate notice of appeal. *See Whitaker v. Garcetti*, 486 F.3d 572, 585 (9th Cir. 2007) (appellant generally must file a separate notice of appeal or amend a previously filed notice of appeal to secure review of a postjudgment order).

**AFFIRMED.**